IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| CHARLES DEAN CLARK, | ) | No. C 06-2522 MMC (PR) |
| Petitioner, | ) | **ORDER TO SHOW CAUSE** |
| v. | ) | |
| KEN CLARK, | ) | (Docket No. 2) |
| Respondent. | ) | |
| _____ | ) | |

On April 11, 2006, petitioner, a California prisoner proceeding pro se, filed the above-titled petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. He has paid the filing fee.

**BACKGROUND**

In July 2003, in the Superior Court of Santa Clara County, petitioner was sentenced to a term of 8 years in state prison, following his conviction for violating California Penal Code § 529(a). The California Court of Appeal affirmed the conviction and sentence, and the California Supreme Court denied review. Petitioner's state habeas petitions were denied.

**DISCUSSION**

A.  Standard of Review

This Court may entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); Rose v. Hodges, 423 U.S. 19, 21 (1975). A district court shall "award the writ or issue an

order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243.  Summary dismissal is appropriate only where the allegations in the petition are vague or conclusory, palpably incredible, or patently frivolous or false.  See Hendricks v. Vasquez, 908 F.2d 490, 491 (9th Cir. 1990) (quoting Blackledge v. Allison, 431 U.S. 63, 75-76 (1977)).

B.  Legal Claims

Petitioner claims: (1) the trial court changed the statutory language of California Penal Code § 529(a) in violation of the California Code of Civil Procedure; (2) the jury instructions omitted the intent element of the crime; and (3) the trial court refused to give instructions on a lesser included offense.

Although, as pleaded in the petition, the foregoing claims do not specify a violation of any federal law, as is required to state a cognizable claim for federal habeas relief, see 28 U.S.C. § 2254(a), attachments to the petition suffice to plead such violation.  In particular, with respect to the first two claims, petitioner attaches and expressly incorporates an addendum in which petitioner claims his right to due process was violated by the trial court's alteration of the statutory language and omission of the intent element in the jury instructions. With respect to the third claim, petitioner attaches and expressly incorporates the petition for review he filed in the California Supreme Court, in which petition he argues his right to due process was violated by the trial court's rejection of his request for an instruction on the  lesser-included offense.  Accordingly, petitioner's three claims, liberally construed, are cognizable.

**CONCLUSION**

In light of the foregoing, the Court orders as follows:

1.  The Clerk of the Court shall serve by certified mail a copy of this order and the petition, along with all attachments thereto, upon respondent and respondent's attorney, the Attorney General for the State of California.  The Clerk shall also serve a copy of this order on petitioner.

2.      Respondent shall file with the Court and serve on petitioner, within 60 days of the date this order is filed, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted based on petitioner's cognizable claims.  Respondent shall file with the answer and serve on petitioner a copy of all portions of the state trial record that have been transcribed previously and that are relevant to a determination of the issues presented by the petition.

If petitioner wishes to respond to the answer, he shall do so by filing a traverse with the Court and serving it on respondent within 30 days of the date the answer is filed.

3.      In lieu of an answer, respondent may file, within 60 days of the date this order is filed, a motion to dismiss on procedural grounds, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases.  If respondent files such a motion, petitioner shall file with the Court and serve on respondent an opposition or statement of non-opposition within 30 days of receipt of the motion, and respondent shall file with the Court and serve on petitioner a reply within 15 days of receipt of any opposition.

4.      Petitioner is reminded that all communications with the Court must be served on respondent by mailing a true copy of the document to respondent's counsel.

5.      It is petitioner's responsibility to prosecute this case.  Petitioner must keep the Court and respondent informed of any change of address and must comply with the Court's orders in a timely fashion.  Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

6.      Upon a showing of good cause, requests for a reasonable extension of time will be granted as long as they are filed on or before the deadline which they seek to extend.

7.      As petitioner has paid the filing fee, his application to proceed in forma pauperis is DENIED as moot.

This order terminates Docket No. 2.

IT IS SO ORDERED.

DATED: June 13, 2006

_____
MAXINE M. CHESNEY
United States District Judge